# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

TRENT BREWER                                                                                                     PLAINTIFF
REG. #24313-077

V.                                            NO: 2:11CV00119 JLH/HDY

T.C. OUTLAW *et al.*                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the

1

>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Trent Brewer, an inmate formerly incarcerated at the Federal Correctional Institution in Forrest City ("FCIFC"), filed a *pro se* complaint, pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on July 8, 2011.  Defendants are FCIFC warden T.C. Outlaw, and FCIFC counselor Gilmore.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, on May 5, 2009, someone forged his name on a check request, which caused $200.00 to be deducted from his inmate account and sent to an individual he does not know. For the reasons set forth below, Plaintiff's complaint should be dismissed.

Although *Bivens* permits lawsuits against federal officials for money damages arising from constitutional violations, Plaintiff has not alleged the violation of any constitutional rights by any Defendant. Rather, Plaintiff alleged only that Defendants failed to properly investigate the incident, and tried to cover up their failure to do their job properly. At most, Plaintiff has alleged facts to suggest Defendants were negligent in performing their jobs. Negligence, however is not actionable in a *Bivens* case. *See Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) (even gross negligence does not implicate the due process clause in a *Bivens*-type suit); cited in *Rivera v. Prince*, Case No. 2:07CV00079, 2007 WL 2023465 at *2 (E.D. Ark. July 10, 2007) (unpublished opinion). Accordingly, Plaintiff cannot pursue a *Bivens* action against either Outlaw or Gilmore.

To the extent that Plaintiff may be attempting to pursue recovery pursuant to the Federal Tort Claims Act, the undersigned notes that the United States, which is not named as a Defendant, is the

only proper Defendant for actions under the FTCA. 28 U.S. C. § 1346(b)(1). Even if Plaintiff had named the United States as a Defendant, his complaint was not filed within 6 months of the denial of his tort claim (docket entry #1, pages #19 & #20). *See* 28 U.S.C. § 2401. Therefore any such claim would be untimely, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  30   day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE